## CRAMER *vs.* MAGUIRE.

*Fourth Judicial District Court, April*, 1857.

### JUDGMENT AFTER FIVE-YEARS.

Where a judgment has been obtained five years previous, if the plaintiff moves the Court for an execution and makes the necessary affidavit which the defendant denies, the Court will refer the matter to take proof and report upon the same.

Plaintiff obtained judgment against defendant in April, 1852, for $2,045, and applied for an execution to issue on same. The affidavit on file alleges that the judgment has never been satisfied, but by mistake or otherwise, the same appears by the entry on the record to have been satisfied under an execution issued out of the Justice's Court of the Second Township of this city, in the suit of H. B. Denman against John Cramer, which was issued against Cramer as defendant. That said judgment was levied upon and sold in November, 1854, and the purchaser thereof acknowledged payment of said judgment, though not in form or manner required by law, and the same was marked satisfied upon the record on the 8th June, 1855. It is further alleged that the entry of satisfaction was made by the Clerk, either under the impression the said execution was issued against Silas Cramer, the plaintiff herein, or else under a representation that said John Cramer was the owner of the judgment, which representation, if made, was contrary to the fact and to the record.

The defendant pleads the statute of Limitation, and that the judgment belonged to one John Cramer, and is not the property of plaintiff.

*Robert Rankin*, for plaintiff.

*J. B. Hart*, for defendant.

HAGER, J.—By the Practice Act, § 209, a party in whose favor

judgment is given may, at any time within five years after the entry thereof, issue a writ of execution for its enforcement, and after the lapse of that time (same Act, § 214) it can only issue by leave of the Court on motion ; but such leave shall not be given unless it be established, by the oath of the party or other proof, that the judgment or some part thereof remains unsatisfied and due.

In this case the five years having expired, and it being alleged that the judgment is satisfied, which plaintiff denies, an order may be entered referring the matter to James Van Ness, Esq., to take proofs and report the same, with his opinion, whether or not the judgment or any part thereof remains unsatisfied and due, and the amount thereof.